IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

|  |  |
|---|---|
| JEROME STANLEY, | CA: 2:15-CV-5005-RMG-BM |
| Plaintiff, |  |
| v. | **COMPLAINT** |
|  | (JURY TRIAL REQUESTED) |
| OFFICER MICHAEL SLAGER, CITY OF NORTH CHARLESTON, and NORTH CHARLESTON POLICE DEPARTMENT |  |
| Defendants. |  |

The Plaintiff, complaining of the above-named Defendants alleges and would respectfully show unto this Honorable Court:

1. The Plaintiff, Jerome Stanley, is a citizen and resident of Charleston County, South Carolina.

2. The Defendant Officer Michael Thomas Slager (hereinafter "Officer Slager") upon information and belief is a resident of Charleston County, was at all times relevant acting under color of law and in the course and scope of his duty as employee, agent, officer of the Defendant North Charleston Police Department and/or Defendant City of North Charleston.

3. The Defendant, North Charleston Police Department (hereinafter "Defendant NCPD") is a governmental agency and/or political subdivision of the State of South Carolina as defined by S.C. Code §15-78-10 and has facilities located in Charleston County, South Carolina. At all times mentioned in this lawsuit the Defendant NCPD acted and carried on its business by and through its agents, servants, and/or employees. Additionally, these

1

agents, servants, and/or employees were operating within the scope of their officially assigned and/or compensated duties at all times hereinafter mentioned.

4. The Defendant, City of North Charleston (hereinafter "Defendant North Charleston") is a political subdivision of the State of South Carolina as defined in S.C. Code§ 15-78-10 and has facilities located in Charleston County, South Carolina. At all times mentioned in this lawsuit the Defendant North Charleston acted and carried on its business by and through its agents, servants, and/or employees at the above mentioned location. Additionally, these agents, servants, and/or employees were operating within the scope of their officially assigned and/or compensated duties during all times hereinafter mentioned.

5. All Defendants were acting within the course and scope of their official duties as employees of the NCPD and City in relation to this claim.

6. Plaintiff is informed and does believe that Defendants NCPD and City of North Charleston had the right and/or power to direct and control the manner in which its employees and/or agents executed their duties.

7. The incident took place in the City of North Charleston, Charleston County, South Carolina.

## JURISDICTION AND VENUE

8. Plaintiff and Defendant are citizens of South Carolina. Defendant City of North Charleston and North Charleston Police Department is a South Carolina corporation within its principal place of business in South Carolina. This Court had jurisdiction over this action pursuant to 28 U.S.C. §1331 and jurisdiction over the parties.

9. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

## FACTUAL BACKGROUND

10. That on or about early morning on December 22, 2013, Plaintiff Jerome Stanley was sleeping in his legally parked vehicle in front of the home of his girlfriend with the engine off when Defendant Officer Michael Slager of the North Charleston Police Department approached the vehicle and knocked on his window.

11. That Officer Slager had no reasonable suspicion or probable cause to approach the legally parked vehicle or to initiate an encounter with the Plaintiff.

12. That Plaintiff Stanley responded to the beating on his window when Defendant Slager opened his car door. Plaintiff explained to Officer Slager that his girlfriend lived in the house and he was getting ready to go in. Officer Slager then asked Plaintiff for his license and registration in which Plaintiff then asked why as he was not doing anything.

13. That Plaintiff proceeded to get his license and registration and as he leaned over, Officer Slager told Plaintiff that he smelled of alcohol and asked if Plaintiff was drinking. Plaintiff explained that he had a couple of beers but was fine and then Officer Slager tried to persuade Mr. Stanley to say that he was drinking and driving which Mr. Stanley would not agree to as he was coherent and sleeping in a legally parked car with the engine off.

14. That Plaintiff then hit the horn by accident. Then Plaintiff hit the horn on purpose to attract attention as Plaintiff was in fear of Officer Michael Slager. Officer Michael Slager then pulled Plaintiff out of vehicle.

15. That Plaintiff told Officer Slager that if he wanted him out of his car that all Officer Slager had to do was ask.

16. Plaintiff got asked why he was being pulled out of the car. Officer Slager told Plaintiff to turn around and put his hands on top of the car and then behind his back and then he snatched Plaintiff's hand and accused him of resisting arrest.

17. That Officer Slager first tased Plaintiff which caused Plaintiff's hand to be stuck on top of the car. After the Plaintiff fell to the ground Officer Slager recharged his taser and tazed Planitiff again as he was on the ground. Officer Slager tazed Plaintiff multiple times. Plaintiff was wrongfully arrested and falsely imprisoned. He was charged with disorderly conduct and resisting arrest.

18. Plaintiff was found not guilty of Disorderly Conduct while his conviction for Resisting Arrest is currently on appeal.

19. That Plaintiff is informed and does believe that Defendant Slager had a history of use of force while in the field. Defendant Slager previously displayed use of force on other occasions prior to using force in this case.

20. That Plaintiff is informed and believes that Defendant Slager has displayed the use of force on other occurrences after assaulting Plaintiff including being indicted for the Murder of Walter Scott.

21. That North Charleston Police Department, by and through its employees, were negligent and their negligence caused Plaintiff to suffer significant injuries and damages.

22. That Plaintiff has incurred damages, injuries and losses, including but not limited to pain and suffering, psychological trauma, fear, nightmares, and post traumatic symptoms, as well as future pain and suffering, future psychological trauma, future fear, future nightmares, and future post traumatic symptoms, as a result of all Defendants' acts and/or omissions, cited above.

## FOR A FIRST CAUSE OF ACTION
### (False Imprisonment)

23. Plaintiff re-alleges and reiterates that preceding paragraphs, as fully as if repeated here verbatim.

24. Defendants intentionally and unlawfully imprisoned Plaintiff and deprived him of liberty without justification for a crime they knew, or should have known, the Plaintiff did not commit.

25. As a direct and proximate result of Defendants' actions in falsely imprisoning the Plaintiff and continuing to deprive him of his liberty when the Defendants knew, or should have known, of the Plaintiff's actual innocence, the Plaintiff has suffered actual and permanent damages for which the Defendants are liable, as well as for punitive damages.

## FOR A SECOND CAUSE OF ACTION
### (42 U.S.C. § 1983 Improper Search & Seizure, Excessive Force & Due Process Violations)

26. Plaintiff re-alleges and reiterates that preceding paragraphs, as fully as if repeated here verbatim.

27. By the acts and omissions described above, Defendants names in this cause of action violated 42 U.S.C. § 1983, depriving Plaintiff of the following clearly established and well-settled constitutional rights protected by the Fourth and Fourteenth Amendments to the United States Constitution:

    a. The right to be free from unreasonable searches and seizures as secured by the Fourth and Fourteenth Amendments;

    b.     The right to be free from excessive and unreasonable force in the course of search or seizures as secured by the Fourth and Fourteenth Amendments;

    c.     The right to be free from the use of unlawful force as secured by the Fourth and Fourteenth Amendents;

    d.     The right to be free of unlawful, reckless, deliberately indifferent, and conscience shocking deadly and/or excessive force as secured by the Fourteenth Amendment;

    e.     The right to be free from deprivation of liberty and injury without substantive due process and from state created/enhanced danger as secured by the Fourteenth Amendment;

    f.     And in such other particulars as may be learned through discovery.

28. As a direct and proximate result of the Defendants' acts and/or omission as set forth above, Plaintiff sustained injuries and damages as otherwise set forth in this Complaint.

29. The conduct of the above named Defendant Slager in his individual capacity entitles Plaintiff to punitive damages and penalties allowable under 42 U.S.C. § 1983 and the South Carolina Code.

30. Plaintiff is entitled to reasonable costs and attorney fees under 42 U.S.C. § 1988 and applicable South Carolina Codes and laws.

**FOR A THIRD CAUSE OF ACTION**
**(42 U.S.C. § 1983 Deliberate Indifference)**

31. Plaintiff re-alleges and reiterates that preceding paragraphs, as fully as if repeated here verbatim.

32. The unconstitutional actions and/or omissions of Defendants NCPD and the City as well as other officers employed by or acting on behalf of these Defendants, on information

6

and belief, were pursuant to the following customs, policies, practices, and/or procedures of the NCPD, stated in the alternative, which were directed, encouraged, allowed, and/or ratified by policymaking officers for NCPD and the City.

    a.    To teach or tolerate the improper handling, investigation and arrest/seizure of a citizen;

    b.    To create unnecessary danger and risk of harm or death, with deliberate indifference, to citizens of North Charleston and Charleston County;

    c.    To use or tolerate inadequate, deficient, and improper procedures for handling, investigating, and reviewing complaints of officer misconduct;

    d.    To use or tolerate inadequate, deficient, and improper training for use of lethal force, arresting, investigating incidents, interrogations, questioning, and other use of conduct, and;

    e.    As may otherwise be learned during discovery in this case.

33. Defendants above-named in this cause of action subjected Plaintiff to their wrong conduct, depriving Plaintiff of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiff and others would be violated by their acts and/or omission.

34. As a direct and proximate result of the unconstitutional actions, omission, customs, policies, practices and procedures of Defendants above-named in this cause of action, Plaintiff sustained serious harms and losses and is entitled to damages, penalties, costs and attorney fees as set forth above, including punitive damages.

## FOR A FORTH CAUSE OF ACTION
### (Malicious Prosecution as to all Defendants)

35. Plaintiff re-alleges and reiterates that preceding paragraphs, as fully as if repeated here verbatim.

36. Based upon the allegations herein, upon information and belief, the Defendants, by and through their agents and employees, instituted and continued original judicial proceedings against the Plaintiff, such proceedings being those criminal charges for which the Plaintiff was arrested, charged, and incarcerated.

37. That these charges were brought by Defendants City of North Charleston and North Charleston Police Department at the insistence of Defendant Officer Slager.

38. That the criminal charge Disorderly Conduct instituted, prosecuted, and continued by the Defendants were dismissed completely and terminated in favor of the Plaintiff while the Resisting Arrest conviction is on appeal.

39. That the institution and continuation of these proceedings against the Plaintiff was the result of the malice, recklessness, gross negligence, willfulness, and/or negligence of all Defendants.

40. That probable cause existed neither for the institution of these proceedings nor for the continuation of the prosecution and incarceration of the Plaintiff.

41. That as a direct and proximate result of acts and omissions of the Defendants as described herein, the Plaintiff has suffered actual injuries and damages and further seeks punitive damages

## FIFTH CAUSE OF ACTION AS TO PLAINTIFF GIVENS
## (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

42. Plaintiff re-alleges and reiterates that preceding paragraphs, as fully as if repeated here verbatim.

43. Defendants, through their actions, caused Plaintiff to be incarcerated for a crime both he and Defendants knew he did not commit.

44. Plaintiff's incarceration resulted in severe emotional distress, mental anguish, humiliation, outrage, and depression.

45. Defendants' conduct was extreme and outrageous, to the point that it exceeded all reasonable bounds of decency.

46. The distress Plaintiff suffered is of a kind no reasonable person could be expected to endure.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following:

1. That this Honorable Court grants all of Plaintiff's Causes of Action;
2. Deny Defendants' Answer and Counterclaims
3. Compensation for Actual, Incidental and Consequential damages , and Punitive damages;
4. Attorney's fees and costs of filing this action;
5. Punitive damages; and
6. Any other relief that this Honorable Court deems fair and just.

SANYAL LAW FIRM, LLC

Respectfully submitted,

S/ *Ravi Sanyal*
Ravi Sanyal, Esquire
Attorney for Accused
1350 Ashley River Road, Suite F
Charleston, SC  29407
Attorney ID # 7586

Charleston, South Carolina
This 18th day of December, 2015