IN THE UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | | |
|---|---|---|
| **Jerome Stanley**, | ) | Civil Action No. 2:15-5005-RMG-BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| **Officer Michael Slager, City of North Charleston, and North Charleston Police Department,** | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This action has been filed by the Plaintiff pursuant to, inter alia, 42 U.S.C. § 1983 alleging violations of his constitutional rights. In addition to the individual police officer involved in the incident at issue (Michael Slager), Plaintiff has also sued the City of North Charleston and the North Charleston Police Department as party Defendants.

The Defendant Slager filed an answer to the Complaint on January 11, 2016. On February 2, 2016 the Defendants City of North Charleston and North Charleston Police Department filed a Rule 12 motion to dismiss all claims against these two Defendants on the grounds that 1) the police department is not a Defendant subject to suit in this action, 2) the Defendant City of North Charleston is entitled to dismissal as cities are not liable under § 1983 based on a respondeat superior theory, 3) there is no basis for a malicious prosecution claim against the City of North Charleston,

1



and 4) the City of North Charleston is entitled to dismissal as a party Defendant under Plaintiff's state law claims on the basis of immunity as well as that the South Carolina Tort Claims Act (SCTCA) [the statute under which any state tort claims must be brought] does not allow for the recovery of damages for intentional infliction of emotional harm.

The time for Plaintiff to respond to the motion to dismiss has now long since expired, with no response in opposition having been filed by the Plaintiff. As Plaintiff has failed to respond to any of the Defendants' arguments, these Defendants are entitled to the relief requested in their motion. Cf. Jones v. Family Health Centers, Inc., 323 F.Supp. 2d 681, 690 (D.S.C. 2003) [Claim waived where plaintiff did not address arguments for dismissal of claim in opposition memorandum]; Cousar v. Richland County Sheriff's Department, No. 08-392, 2009 WL 982414, at * 6 (D.S.C. April 10, 2009) [Plaintiff abandoned claims by not submitting argument in opposition to defendants' motion]; Jones v. Danek Medical, Inc., No. 96-3323, 1999 WL 1133272, at * 3 (D.S.C. Oct. 12, 1999)[The failure of a party to address an issue raised in a dispositive motion may be considered a waiver or abandonment of the relevant cause of action].

Therefore, the Defendants' motion should be **granted**, and both the City of North Charleston and the North Charleston Police Department should be **dismissed** as party Defendants in this case. If the Court adopts this recommendation, Plaintiff's Third Cause of Action for deliberate indifference by these Defendants and Plaintiff's Fifth Cause of Action for intentional infliction of emotional distress should both also be **dismissed**. The case will then proceed against the Defendant Slager on Plaintiff's First, Second and Fourth Causes of Action.



The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

March 10, 2016
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

