IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| JEROME STANLEY,<br><br>Plaintiff,<br><br>v.<br><br>OFFICER MICHAEL SLAGER, and<br>CITY OF NORTH CHARLESTON,<br><br>Defendants. | C/A No.: 2:15-CV-5005-RMG-BM<br><br>**MEMORANDUM IN OPPOSITION TO THE MOTION TO DISMISS BY DEFENDANT CITY OF NORTH CHARLESTON AND OBJECTIONS TO THE REPORT AND RECOMENDATION** |

**COMES NOW** the Plaintiff, Jerome Stanley (herein referred to as "Plaintiff Stanley," "Mr. Stanley," or "Plaintiff"), and hereby submits this memorandum in opposition to the Motion to Dismiss filed by Defendant City of North Charleston (herein sometimes referred to as the "moving Defendant") . This Memorandum will also address the objections that are due to the Report and Recommendation. Plaintiff Stanley further opposes the moving Defendants' motion to strike any request for punitive damages and claims of *respondeat superior* from the Plaintiff's Complaint.

**BACKGROUND AND PROCEDURAL HISTORY**

That on or about early morning on December 22, 2013, Plaintiff Jerome Stanley was sleeping in his legally parked vehicle in front of the home of his girlfriend with the engine off when Defendant Officer Michael Slager of the North Charleston Police Department approached the vehicle and knocked on his window. That Officer Slager had no reasonable suspicion or probable cause to approach the legally parked vehicle or to initiate an encounter with the Plaintiff. Officer Michael Slager knocked on his window loudly waking him up. Officer Slager

then pulled open his door and asked him what he was doing. He explained to Officer Slager that his girlfriend lived there and he was getting ready to go in. Officer Slager then asked for his license and registration in which he then asked why as he was not doing anything. After repeated questioning, Mr. Stanley hit the horn by accident. Then he hit the horn on purpose to attract attention as he was in fear of Officer Michael Slager. Officer Michael Slager then tried to pull him out of vehicle and his hand slipped. Officer Slager then successfully pulled him out of the vehicle.  Officer Slager told him to turn around and put his hands on top of the car and then behind his back and then he snatched Mr. Stanley's hand and accused him of resisting arrest. Officer Slager then tased him which caused Mr. Stanley's hand to be stuck on top of the car. After falling to the ground Officer Slager recharged his taser and tazed Mr. Stanley again as he was on the ground. Officer Slager tazed him multiple times while he was in front of his girlfriend's house. He was wrongfully arrested and falsely imprisoned by Officer Slager who was at all times working in the course and scope of his employment employed by the City of North Charleston. The City of North Charleston, by and through its employees, were negligent and their negligence caused him to suffer significant injuries and damages.

Stanley filed suit in the United States District Court for the District of South Carolina on December 18, 2015 against Officer Slager, the City of North Charleston ("the City") and the North Charleston Police Department ("NCPD"). He alleged federal causes of action pursuant to 42 U.S.C. § 1983 Improper Search & Seizure, Excessive Force & Due Process Violations, and for Deliberate Indifference. He also alleges state law causes of action for False Imprisonment, Malicious Prosecution, and Intentional Infliction of Emotional Distress. Defendant North Charleston Police Department (NCPD) has been dismissed by consent and the Intentional

Infliction of Emotional Distress cause of action has also been dismissed by consent (Dkt. No. 21).

## LAW AND ARGUMENT

### I. STANDARD FOR RULE 12(B)(6) DISMISSAL

In deciding a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), a court "assume[s] the facts alleged in the Complaint are true and draw[s] all reasonable factual inferences in [a Plaintiff's] favor." *Burbach Broad Co. of Del. v. Elkins Radio Corp.*, 278 F.3d 401, 406 (4th Cir. 2002). While a court need not "accept as true unwarranted inferences, unreasonable conclusions, or arguments," *Giarratano v. Johnson*, 521 F.3d 298, 304 (4th Cir. 2008), the burden is on the defendant to show that the factual allegations pled by the Plaintiff do not "nudge[] [the] claim across the line from conceivable to plausible." *Iqbal v. Ashcroft*, 129 S.Ct. 1937, 1951 (2009). As the Fourth Circuit has explained, the purpose of a Rule 12(b)(6) motion is "'to test the sufficiency of a Complaint.'" *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010). Once the Complaint survives a Motion to Dismiss, this allows the Plaintiff to "unlock the doors of discovery." *Iqbal*, 129 S. Ct. at 1950.

### II. PLAINTIFF HAS STATED SUFFICIENT 1983 CLAIMS AGAINST BOTH THE ENTITY AND INDIVIDUAL DEFENDANTS

A. **Plaintiff has Sufficiently Pled Facts Supporting the First Two Grounds for Municipal Liability Under Section 1983**

As the moving Defendant have stated, municipal liability under Section 1983 can stem from four possible sources of an "official policy or custom," including: 1.) written ordinances or regulations; 2.) affirmative decisions of individual policymaking officials; 3.) omissions by policy making officials that manifest deliberate indifference to the rights of citizens; or 4.) a

persistent and widespread practice that is so permanent and well settled that it constitutes a custom or usage with the force of law. *Carter v. Morris*, 164 F.3d 215, 218 (4th Cir. 1999).

When viewing the Complaint in the light most favorable to the Plaintiff as the non-moving party provides a factual basis and details of the polices and customs through written ordinances and regulations bases on decisions of policymaking authorities. The Complaint alleges grounds for municipal liability.

### B. Plaintiff has sufficiently pled a factual history within the City of North Charleston to Show Omissions by Policymaking Officials which caused the Excessive use of force.

The Complaint does state how the omissions of the City and NCPD in failing to train officers in the execution of physical force policy caused the deliberate indifference to the rights of citizens of North Charleston including the Plaintiff.

The result of this deliberate indifference in defining or training officers in department policies also spawned a practice by NCPD offices that was so "persistent and widespread and so permanent and well settled as to constitute a custom or usage with the force of law." *Carter* 164 F.3d at 218.

The Complaint also shows additional instances of excessive force of Officer Slager including the Murder of Walter Scott which he is currently indicted for and awaiting trial.

In *The Estate of Ronald H. Armstrong v The Village of Pinhurst, et. al.,* (4th Cir.) Op. No. 15-1191, decided January 11, 2016, the Fourth Circuit stated that a taser may only be deployed when a police officer is confronted with an exigency that creates an immediate safety risk and that is reasonably likely to be cured by using a taser and the subject of a seizure does not create such a safety risk by simply resisting.

Upon information and belief, the above decision prompted a state wide memorandum for departments to adjust their Taser policies.

It could not be argued by the defense in this case that Officer Slager's use of his taser was in accordance with *The Estate of Ronald H Armstrong*.

Accordingly, the Plaintiff has adequately pled grounds for municipal liability under Section 1983 and the Motion to Dismiss said claims should be denied.

**III. Plaintiff has sufficiently pled facts supporting the False Imprisonment and Malicious Prosecution Causes of Action.**

To prevail on a claim for false imprisonment, a Plaintiff must establish: (1) defendant restrained Plaintiff, (2) restraint was intentional, and (3) restraint was unlawful. *Law v S.C. Dep't of Corrs.,* 368 S.C. 424, 441, 629 S.E.2d 642, 652 (2006).

Here, the Complaint establishes a clear set of facts where the actions for False Imprisonment are sufficiently pled. The Plaintiff was sleeping in his lawfully parked car. Officer Slager had no reasonable suspicion or probable cause to initiate the encounter with the Plaintiff. Pulling the Plaintiff out of his car and tasing him multiple times were certainly not warranted under lawful authority as the Motion to Dismiss states they were.

The Basis for the Arrest of the Plaintiff was Disorderly Conduct. He was also charged for Resisting Arrest of Disorderly Conduct. The substantive charge in the case was Disorderly conduct. As pled in the Complaint, the Plaintiff was found not guilty of Disorderly Conduct by a North Charleston Jury. The same Jury found him guilty of Resisting the Disorderly Conduct Arrest.

Citizens may resist an unlawful arrest. The premise was upheld by the Supreme Court in the case: *John Bad Elk v. U.S.,* 177 U.S. 529. Thus, we believe the current conviction will be overturned when the Circuit Court hears the appeal as the verdict is inconsistent.

Regarding Malicious Prosecution, a Plaintiff must show (1)institution or continuation of original judicial proceedings, either civil or criminal; (2) by, or at the insistence of, the

defendant; (3) termination of such proceedings in Plaintiff's favor; (4) malice in instituting such proceedings; (5) want of probable cause, and (6) resulting injury or damage. *Parrott v Plowden Motor Co.,* 246 S.C. 318, 321, 143 S.E.2d 607, 608 (1965)

  Here, facts to support this cause of action have been pled. In the light most favorable to the Plaintiff, there was no reasonable suspicion or probable cause to approach the Plaintiff who was not breaking any laws or bothering anyone. He was minding his own business sleeping in his car. There was no reason for a confrontation with Officer Slager.

  As stated above, the Plaintiff was found not guilty of Disorderly Conduct and we believe the conviction will be overturned on appeal given the inconsistent verdict. It certainly would be premature to address the second element as to the Resisting arrest charge until the Appeal is heard.

  Accordingly, the moving Defendant's basis for dismissal should be denied.

**IV. Plaintiff has sufficiently pled the state law claims under the South Carolina Tort Claims Act**

  In order to establish absolute immunity under S.C. Code Section 15-78-60 regarding the adoption, enforcement, or compliance with regulations and written polices, or failure to adopt or enforce discretionary immunity under the Act, the immunity does not apply when a department's policy is merely a statement of generally accepted law enforcement guidelines. *Clark v South Carolina Dept. of Public Safety*, 353 S.C. 291, 578 S.E.2d 16 (2002) In *Clark,* the South Carolina Department of Public Safety(SCDPS) unsuccessfully argued that they were immune from suit after the Plaintiff's relative was killed by a police officer in a high speed chase. Although the SCDPS argued the acts and omissions allegedly stemmed from a failure to enforce written polices, *id.* at 16, the *Clark* court disagreed, stating that the exemption does not apply when the governmental employee violated a written policy. *Id.*

Here, given the pleading rules available to the Plaintiff, the Complaint clearly alleges alternative theories that allowed Defendant Slager to continuously violate Department policies regarding the use of excessive force. *See* Fed. R. Civ. P. 8(d)(2) and 8(d)(3) "A party may set out 2 or more statements of a claim or defense alternatively or hypothetically….A party may also state as many separate claims as it has."

Also, to establish absolute discretionary immunity under The Tort Claims Act, the government entity must prove that the governmental employees at issue when faced with alternatives actually weighed competing considerations and made a conscious choice. Once this is proven, the governmental entity must also prove that it utilized accepted professional standards appropriate to resolve the issue before them. *Clark v. South Carolina Dept. of Public Safety,* 353 S.C. 291, 578 S.E2d 16 (2002). The bases of both the deliberate indifference and gross negligence claims against the named Defendant with the supporting facts in the Complaint show a failure to use care by failing to enact adequate professional standards, and failing to weigh considerations widely considered as affecting the constitutional rights of the citizens of North Charleston

In addition, South Carolina law clearly allows actions under the Tort Claims Act based on *respondeat superior*. *See Wade v. Berkeley County*, 348 S.C. 224, 559 S.E.2d 586 (2002) (rev'd on other grounds) ("An employer is liable for the tort of his servant if the tort is committed within the scope of the servant's employment. South Carolina courts often use a "motive" or "purpose" test by asking if the employee's motive/purpose was to benefit the employer at the time the tort was committed."). Therefore, *respondeat superior* is very much available in the state law claims alleged by the Plaintiff. Accordingly, the moving Defendant basis for dismissal under The Tort Claims Act should be denied.

**V. Objections to the Report and Recommendation**

Plaintiff respectfully requests the Court refer to the previously filed Motion to Extend (Dkt. No. 18) the deadline for responding to the Motion to Dismiss and the proposed consent order that was filed. Plaintiff asserts the issues regarding the failure to respond within the due date of the Motion to Dismiss in this case have been resolved by the proposed consent order that was filed and the Order signed by Judge Gergel.

## **CONCLUSION**

Wherefore, the foregoing reasons, the Plaintiff Jerome Stanley requests that this Honorable Court deny the Motion to Dismiss by the moving Defendant. Plaintiff also respectfully requests that this Court deny any further alternative relief sought by the moving Defendant, and allow the continuation of discovery in this case.

                                                 SANYAL LAW FIRM, LLC

                                                 Respectfully submitted,

.                                              S/  *Ravi Sanyal*
                                                Ravi Sanyal, Esquire
                                                Attorney for Accused
                                                1350 Ashley River Road, Suite F
                                                Charleston, SC  29407
                                                Attorney ID # 7586

March 24, 2016                        ATTORNEY FOR PLAINTIFF
Charleston, South Carolina          JEROME STANLEY