IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Jerome Stanley, ) | Civil Action No. 2:15-5005-RMG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| Officer Michael Slager *and* City of North ) | |
| Charleston, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on the Report and Recommendation of the Magistrate Judge, recommending that Defendant the City of North Charleston's motion to dismiss be granted as to Plaintiff's first cause of action for false imprisonment, granted as to Plaintiff's fourth cause of action for malicious prosecution to the extent that it is based on his prosecution on the charge of resisting arrest, and otherwise denied. For the reasons set forth below, the Court adopts the Report and Recommendation.

### I. Background

Plaintiff Jerome Stanley alleges that on or about December 22, 2013, he was sleeping in his legally parked vehicle in front of the home of his girlfriend when Defendant Michael Slager of the North Charleston Police Department knocked on his window. Plaintiff alleges that the following events then occurred. Officer Slager asked Plaintiff for his license and registration, told Plaintiff that he smelled of alcohol, and asked if Plaintiff had been drinking. Plaintiff explained that he had been drinking; Officer Slager then suggested that Plaintiff had been driving while intoxicated. Plaintiff denied that suggestion and at some point "hit the horn" first by accident and then to attract attention because he was in fear of Officer Slager. Officer Slager then forcibly pulled Plaintiff from his vehicle, without giving him the opportunity to exit the vehicle voluntarily.

-1-

Officer Slager told Plaintiff to turn around and to put his hands on the top of the car, and then told Plaintiff to put his hands behind his back. Officer Slager then tased Plaintiff, causing his hand to stick to the top of the car. After Plaintiff fell, Officer Slager recharged his taser and tased Plaintiff repeatedly while he lay on the ground. Plaintiff was charged with disorderly conduct and resisting arrest; he was convicted of resisting arrest but found not guilty of disorderly conduct. His resisting arrest correction is currently pending on direct appeal.

Plaintiff filed this action seeking monetary damages including punitive damages on December 18, 2015. Defendants North Charleston and the North Charleston Police Department moved to dismiss for failure to state a claim on February 2, 2016. (Dkt. No. 7.) On March 22, 2016, the Court dismissed the North Charleston Police Department from this action, dismissed Plaintiff's fifth cause of action (alleging intentional infliction of emotional distress), and granted an extension of time to respond to the motion to dismiss. (Dkt. No. 21.) Plaintiff's remaining claims are a state law false imprisonment claim against both Defendant Michael Slager and Defendant North Charleston (first cause of action), a state law malicious against prosecution claim against both Defendants (fourth cause of action), a claim against both Defendants pursuant to 42 U.S.C. § 1983 for improper search and seizure, excessive force, and due process violations (third cause of action), and a claim against the City of North Charleston pursuant to § 1983 for deliberate indifference (second cause of action).

On June 29, 2016, the Magistrate Judge recommended dismissal of Plaintiff's first cause of action and Plaintiff's fourth cause of action to the extent it is based on his prosecution for resisting arrest. (Dkt. No. 38.) On July 18, 2016, the City of North Charleston timely filed objections to the Magistrate Judge's recommendation that the motion to dismiss be denied as to Plaintiff's fourth cause of action to the extent that it is based on Plaintiff's prosecution for

disorderly conduct. (Dkt. No. 39.) Plaintiff filed no objections to the Report and Recommendation.

## II. Legal Standard

### A. Report and Recommendation of the Magistrate Judge

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

When a proper objection is made to a particular issue, "a district court is required to consider all arguments directed to that issue, regardless of whether they were raised before the magistrate." *United States v. George*, 971 F.2d 1113, 1118 (4th Cir. 1992). However, "[t]he district court's decision whether to consider additional evidence is committed to its discretion, and any refusal will be reviewed for abuse." *Doe v. Chao*, 306 F.3d 170, 183 & n.9 (4th Cir. 2002). "[A]ttempts to introduce new evidence after the magistrate judge has acted are disfavored," though the district court may allow it "when a party offers sufficient reasons for so doing." *Caldwell v. Jackson*, 831 F. Supp. 2d 911, 914 (M.D.N.C. 2010) (listing cases).

### B. Motion to Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." Such a motion tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses. . . . Our inquiry then is limited to whether the allegations constitute 'a short and plain statement of the claim showing that the pleader is entitled

to relief.'" *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (quotation marks and citation omitted). In a Rule 12(b)(6) motion, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). However, while the Court must accept the facts in a light most favorable to the non-moving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

To survive a motion to dismiss, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## III. Discussion

### A. False Imprisonment Claims

The Court agrees with the Magistrate Judge's conclusion that the only issue germane to the motion to dismiss as to Plaintiff's first cause of action (false imprisonment) is whether Plaintiff has alleged sufficient facts to show that he was arrested without probable cause. The Court assumes for purposes of a motion to dismiss the truth of Plaintiff's allegations that he did not engage in disorderly conduct or otherwise give Officer Slager cause to arrest him. But Plaintiff concedes that he was *convicted* of resisting arrest. (Compl. ¶ 18, Dec. 18, 2015, Dkt. No. 1.) Someone may be convicted only of resisting arrest, someone may be charged only with the crime of resisting arrest, but it is logically impossible to arrest someone *only* for resisting arrest.

Resisting arrest, however, may provide probable cause for an arrest that would otherwise lack it. Under South Carolina law, probable cause for the underlying arrest is not an element of the crime of resisting arrest. S.C. Code § 16-9-320(A). So if an officer attempts to arrest a person without probable cause, that person resists arrest, and the officer then successfully overcomes that resistance and arrests the person, then the unlawful resistance provides the probable cause that would otherwise be lacking.

Because Plaintiff was convicted of resisting arrest, Plaintiff fails to set forth facts sufficient to state a plausible claim for false imprisonment regarding the arrest that he resisted. The Court therefore grants North Charleston's motion to dismiss Plaintiff's false imprisonment claim. Furthermore, the Court agrees with the Magistrate Judge that this holding applies with equal force to claims against Officer Slager and so the Court dismisses Plaintiff's false imprisonment claim against him as well. This dismissal is without prejudice to Plaintiff's ability to reassert false imprisonment claims against North Charleston and Officer Slager in the event that his legal challenges to his conviction ultimately succeed.

### B.   Malicious Prosecution Claims

The Court agrees with the Magistrate Judge's conclusion that Plaintiff cannot maintain a malicious prosecution claim regarding charges of which Plaintiff stands. The Court therefore grants North Charleston's motion to dismiss Plaintiff's malicious prosecution claim to the extent that it is based on his prosecution for resisting arrest. This dismissal is without prejudice to Plaintiff's ability to reassert the claim if his appellate challenge to his conviction ultimately succeeds.

The Magistrate Judge recommends that North Charleston's motion be denied regarding Plaintiff's malicious prosecution claim to the extent it is based on his prosecution for disorderly conduct, because Plaintiff's allegations meet all the elements of a malicious prosecution claim

relating to that charge. One of those elements is termination of the judicial proceedings at issue in Plaintiff's favor. *Parrott v. Plowden Motor Co.*, 143 S.E.2d 607, 608 (S.C. 1965). The Magistrate Judge concludes that Plaintiff's acquittal of disorderly conduct charges satisfies this element with regard to his prosecution for disorderly conduct. North Charleston objects that Plaintiff was convicted of resisting arrest, and that "because both charges stem from the same incident . . . the charges *in toto* were not resolved in [Plaintiff's] favor." (Obj. R. & R. 2, Dkt. No. 39, July 18, 2016.) As authority for a requirement for charges to be resolved in Plaintiff's favor *in toto*, North Charleston cites *Hickson v. Stewart*, a recent decision of the District of South Carolina holding that the favorable termination element of a malicious prosecution claim applies to all charges "stemming from the conduct upon which [the malicious prosecution] suit is based"—but not to charges that are "distinct enough to be considered separately for the purposes of the malicious prosecution action." Civ. No. 4:15-2433-CMC, 2016 WL 1637466, at *4 (D.S.C. Apr. 26, 2016), *appeal docketed*, No. 16-6755 (4th Cir. June 3, 2016).

North Charleston claims that in this case Plaintiff's "charges of Disorderly Conduct and Resisting Arrest are directed at the same people: the police officers . . ." and that "Plaintiff cannot separate these charges to show favorable termination on Disorderly Conduct." (Obj. R. & R. 4.) Whether North Charleston's assertion is correct requires a factual inquiry not possible on a motion to dismiss, when all reasonable inferences must be drawn for Plaintiff. *See Iqbal*, 556 U.S. at 681. *Hickson*, by contrast, was decided after discovery, on a motion for summary judgment. 2016 WL 1637466, at *1. Here, it is possible that the disorderly conduct charge against Plaintiff stemmed from sleeping in a car or other conduct having nothing to do with Plaintiff's interaction with Officer Slager. It is also possible that the disorderly conduct for which Plaintiff was arrested was

confrontational conduct that became resisting arrest. North Charleston's objection does not persuade the Court that North Charleston is entitled to dismissal of this claim at this time.

### C.    Section 1983 Claims

The Magistrate Judge concludes that Plaintiff's allegations are sufficient to allow his § 1983 claims to proceed to discovery. The Court agrees. Defendant responds that "while they [*sic*] disagree with the [M]agistrate [Judge]'s recommendation not to dismiss the 42 U[.]S[.]C[. §] 1983 claims, they have no formal objection." (Obj. R. & R. 2–3 n.1.) The motion to dismiss therefore is denied as to Plaintiff's second and third causes of action.

## IV.    Conclusion

For the foregoing reasons, the Court **ADOPTS** the Report and Recommendation as the Order of the Court, and **GRANTS IN PART AND DENIES IN PART** Defendant's motion to dismiss. Plaintiff's first cause of action and Plaintiff's fourth cause of action, to the extent that it is based on his prosecution on the charge of resisting arrest, are **DISMISSED WITHOUT PREJUDICE** as to all Defendants; the motion to dismiss is otherwise **DENIED**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

July 27, 2016
Charleston, South Carolina